UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

THOMAS H. MARLOWE,

      Petitioner,

v.                   9:20-CV-0094
                   (GLS)

FLOYD BENNETT,

      Respondent.

---

APPEARANCES:          OF COUNSEL:

THOMAS H. MARLOWE
Petitioner, pro se
83-C-0834
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

GARY L. SHARPE
United States Senior District Judge

## DECISION and ORDER

**I. INTRODUCTION**

Petitioner Thomas H. Marlowe seeks habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1-1-7, Attachments.[1] He also included a request for court-appointed counsel within his petition. Pet. at 46.

On January 30, 2020, this action was administratively closed due to petitioner's failure to properly commence the case by either paying the statutory filing fee or filing a properly certified IFP application. Dkt. No. 2, Administrative Closure Order.

---

[1] Citations to the various submissions, Court Orders, and Mandates refer to the pagination generated by CM/ECF, the Court's electronic filing system.

On February 10, 2020, the Court received the statutory filing fee and reopened this action.  Dkt. No. 3, Letter from Petitioner; Dkt. Entry of Feb. 10, 2020 (indicating receipt information for the filing fee transaction); Dkt. No. 4, Text Order Reopening Case.

Upon further review of petitioner's prior petitions, and for the reasons discussed below, this petition must be transferred to the Second Circuit.

## II. PREVIOUS HABEAS PETITIONS

Petitioner previously filed one habeas petition in the Northern District.  *Marlowe v. Bennett*, No. 9:97-CV-0470 (DNH/GJD) ("*Marlowe I*"), Dkt. No. 1, Petition*;* Dkt. No. 32, *adopting*, Dkt. No. 30.  Petitioner challenged a 1983 judgment of conviction, upon a jury verdict, in Broome County for second degree murder and first degree robbery.  *Marlowe I*, Dkt. No. 30 at 6 (citing *People v. Marlowe*, 144 A.D.2d 104, 104 (3rd Dep't 1988).  Petitioner argued that he was entitled to relief because

> (i) the prosecution wrongfully suppressed *Brady* material; (ii) there was insufficient evidence presented at trial to support the convictions; (iii) he received ineffective assistance of trial counsel; (iv) Marlowe was denied a fair trial because members of the jury observed Marlowe in shackles; and (v) the sentence imposed on Marlowe was harsh and excessive.

*Id.* at 9.  The petition was denied and dismissed.  *Marlowe I*, Dkt. No. 32, *adopting*, Dkt. No. 30.

With respect to the alleged *Brady* violation, the Court held that (1) the Third Department was correct in finding that the allegedly exculpatory comments made against petitioner's co-defendant's penal interest were not favorable to petitioner; therefore, they were insufficient to create an actionable *Brady* claim, (*Marlowe I*, Dkt. No. 30 at 12-13); (2) petitioner failed to show that the prosecution was aware of his co-defendant's statements

2

allegedly exculpating petition prior to or during the trial; therefore, any related *Brady* claims must fail, (*id.* at 15); and (3) the state court's decision rejecting petitioner's claims was not contrary to or an unreasonable application of *Brady* or determination of the facts because petitioner's trial admission, specifically that he knew his co-defendant intended to rob the store armed with a gun, even in light of the alleged exculpatory evidence that petitioner was unaware the co-defendant intended on killing anyone, negated any reasonable probability that presentation of the alleged exculpatory evidence would have led to a different result, (*id.* at 16-18). The Court also found that the state court's decision finding sufficient evidence to support petitioner's conviction were not contrary to or an unreasonable application of the law, nor based upon an unreasonable determination of the pertinent facts. *Id.* at 19-21.

Further, the state court's decision denying petitioner's ineffective assistance of counsel claims was not unreasonable because (1) petitioner's proposed alternative argument that (a) he was under duress at the times the crimes were committed were based on "rank speculation;" (*Marlowe I*, Dkt. No. 30 at 23-25) and (b) had counsel advanced such a theory, "there is a reasonable probability that the outcome of the proceeding would have been different," (*id.* at 26); (2) petitioner's contentions that his counsel's advice to cut his hair unwittingly made him fit into the description of the perpetrator is meritless given petitioner's testimony that he went with his co-defendant to the store on the day of the robbery and murder, (*id.* at 27-28); and (3) petitioner's arguments that a polygraph examination should have been administered are belied by the facts that there is no proof such results would have been admitted given their judicially noted unreliability, (*id.* at 29).

Moreover, the Court held that "[t]here is no evidence that the claimed viewing of

3

[petitioner] in shackles prejudiced him in any way or otherwise deprived him of a fair trial . . . There was ample evidence offered at trial which established that [petitioner] committed the crimes of which he was convicted." *Marlowe I*, Dkt. No. 30 at 30-31. Lastly, because petitioner's imposed sentence did not "exceed[] the statutory minimum," or demonstrate that the sentencing statute was invalid; therefore, the Court denied the petition. *Id.* at 32; Dkt. No. 32.

Petitioner unsuccessfully appealed the decision to the United States Court of Appeals, Second Circuit. *Marlowe I*, Dkt. No. 34, Notice of Appeal; Dkt. No. 37, Mandate (dismissing appeal for lack of certificate of appealability); Dkt. No. 38, Order (denying petitioner's motion for certificate of appealability from this Court); Dkt. No. 39, Mandate (denying motion for certificate of appealability because no "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c) was demonstrated).

On December 1, 2016, the Second Circuit issued another Mandate denying petitioner's motion for leave to file a successive habeas petition pursuant to 28 U.S.C. § 2254. *Marlowe I*, Dkt. No. 40, Mandate. Specifically, the Second Circuit held that (1) petitioner's motion did not satisfy either prong of 28 U.S.C. § 2244(b)(2); (2) petitioner's actual innocence claim failed to establish that "it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt"; and (3) petitioner failed to demonstrate factual innocence for the crimes of which he was convicted. *Id.* at 1-2 (internal quotation marks and citations omitted).

On June 26, 2019, the Court received what appeared to be an amended petition in *Marlowe I*. *Marlowe I*, Dkt. No. 41. It was noted that the action was closed; however, given the special solicitude afforded to pro se litigants, the Court construed the submission as a

4

new petition, which was assigned a new case number for further proceedings. *Id.*; *see Marlow v. Bennett*, No. 9:19-CV-0757 (MAD/DJS) ("*Marlowe II*"), Dkt. No. 1, Petition.

The petition readily acknowledged that it was linked to *Marlowe I*. First, it was initially filed in his prior case, *Marlowe I*. Second, petitioner contended that he "c[ould] demonstrate objective factors that impeded petitioner's efforts to raise the instant claim in [his] prior petition." *Marlowe II*, Petition at 4. The petition purported to (1) present new evidence which had been withheld by an allegedly corrupt investigator, as well as grand jury testimony which petitioner recently received through other channels and (2) demonstrate judicial misconduct. *Marlowe II*, Dkt. No. 5, Decision and Order of July 15, 2019 ("July Order"), at 6-7.

The Court transferred the petition to Second Circuit because petitioner's second habeas petitioner challenged the same underlying state court conviction as before, the first petition was dismissed on the merits, and there was no reason to conclude that the claims from the second petition could not have been raised in the first. *Marlowe II*, July Order at 8-9. On May 4, 2019, the Second Circuit issued a Mandate giving petitioner an extension, until June 25, 2019, to file his application to file a successive habeas petition or risk his petition being denied as moot. *Id.*, Dkt. No. 6, Mandate. Subsequently, on September 17, 2019, the Second Circuit issued another Mandate denying petitioner's motion to file a successive petition. *Id.*, Dkt. No. 7, Second Mandate.

## III.  THE PRESENT PETITION

Petitioner's present petition identified his previous two actions, *Marlowe I* and *Marlowe II*, on the caption of his petition. Pet. at 1. While petitioner does not explicitly identify the conviction which he is challenging, he constantly refers to Broome County law enforcement agents and judicial proceedings, and states that the case arises out of a judgment entered on

October 26, 1983, the date of his original criminal conviction. *Compare* Pet. at 2, *with Marlowe*, 144 A.D.2d at 104 (identifying date of Broome County Court conviction as October 26, 1983). Petitioner begins his argument by stating that because

> [t]he instant case is a pre-Antiterrorism and Effective Death Penalty Act (A.E.D.P.A.) case[, it is] not subject to the filing of a second or successive application under 28 U.S.C. §2244(b)(3)(e) . . . but subject to the Pre-A.E.D.P.A. law . . . The A.E.D.P.A. was enacted on April 24, 1996, without retroactive effect upon pending cases such as this case that judgment was entered against [petitioner], herein, on October 26, 1983. Accordingly, conclusive jurisdiction lies with the district court.

*Id.* at 2.

Petitioner's alleged entitlement to federal habeas corpus relief is difficult to decipher. Petitioner first references *Marlowe I* and claims that "upon review of the evidence in his first petition, [petitioner] found the merits were dismissed on an erroneous standard of law." Pet. at 2-3.

Petitioner then contends that he

> was absolutely denied due process as the government possessed evidence that was material to either guilt or punishment of the [petitioner and p]etitioner has been deprived of a fair trial due to constitutional error consistent with an overriding concern with justice by the suppression of material evidence that undermines a confidence in the outcome of trial.

*Id.* at 3. Ultimately, petitioner concludes that, as to this claim, his "initial petition is still a pending case," and a hearing must be conducted "to determine [the] constitutional Brady issue." *Id.* at 4-5.

Finally, petitioner also reasserts his arguments that the recently acquired grand jury testimony demonstrates a violation of his Sixth Amendment rights. Pet. at 7. For a more complete statement of petitioner's claims, reference is made to the petition and attachments.

6

**IV.     DISCUSSION**

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions.  A petition is a second or successive application when it "attacks the same judgment that was attacked in a prior petition," *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) (internal quotation marks omitted), the prior petition was dismissed on the merits, *see Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), and the later petition "raises a claim that was, or could have been, raised in [the] earlier petition," *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *accord Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals.  *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003).  Instead, AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application.  *See* 28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second

7

Circuit Court of Appeals for an order authorizing the district court to consider the application.").

Here, the first question the Court must answer is whether AEDPA's gatekeeping provision, requiring permission for filing a second or successive petition, is applicable to petitioner. "[T]he Second Circuit has yet to decide whether AEDPA's second-or-successive-application rule applies to what may be a successive application when the prior petition was filed before the AEDPA's effective date[.]" *Patterson v. Thompson*, No. 1:17-CV-0846, 2017 WL 5019269, at *4 (W.D.N.Y. Nov. 3, 2017) (citing *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003) (holding that the Second Circuit "ha[s] not yet decided whether applying AEDPA's gatekeeping requirements in these circumstances would create an impermissible retroactive affect"). However, the Second Circuit's indecision is irrelevant in this case.

Petitioner is correct in his representation that the AEDPA became effective in 1996. *See* 28 U.S.C. § 2254. Here, while petitioner's underlying criminal conviction from 1983 pre-dated the enactment of the AEDPA, his first habeas petition, filed in 1997, did not. Accordingly, consistent with the provisions of 28 U.S.C. § 2244(b)(3)(A), any second or successive petition which petitioner files must be authorized by the Second Circuit.

Moreover, even if the filing of *Marlowe I* did pre-date the AEDPA, the same result would occur.

> Aware of the potential confusion that could arise from its decision not to decide this issue, and in order to "reach a coherent result," the Second Circuit expressly held in *Torres* that "AEDPA's authorization requirement applies to all second and successive habeas petitions, even those that may be governed by the pre-AEDPA abuse-of-writ standard. . . . Thus, regardless of the applicable substantive standard, AEDPA requires all second and successive habeas applications to be authorized by the appropriate court of appeals." *Id.* at 153-54.

> Accordingly, because the instant petition is a second or successive application to which either the AEDPA or the pre-AEDPA abuse-of-writ doctrine applies, it must be transferred to the Second Circuit for authorization. *Id.*

*Patterson*, 2017 WL 5019269, at *4. Accordingly, regardless of the path petitioner chooses, if his petition is successive he still requires authorization from the Second Circuit.

Here, petitioner alludes to the fact that his current petition is successive. He includes the case numbers from the prior two habeas petitions in his caption, acknowledging a relationship between the three petitions. Pet. at 1. He identifies the date of the conviction which he is challenging, which is identical to the date of the underlying criminal conviction which he has already attacked in his prior petitions. *See Marlowe I*, Dkt. No. 30 at 6. His claims were dismissed on the merits in *Marlowe I*. *See Marlowe I*, Dkt. No. 32. Moreover, petitioner repeats arguments that presented in *Marlowe I* and *Marlowe II*. There is no basis for concluding that petitioner could not have raised in his earlier petition the grounds for relief asserted in his present petition. In fact, it appears petitioner did raise some of these exact same arguments in his prior habeas petition. *Marlowe II*, July Order at 9.

Because district courts have no jurisdiction to decide successive petitions, the Court is required to transfer this action to the appropriate Court of Appeals. *Torres*, 316 F.3d at 151-52. Accordingly, the Court transfers this action to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Id.*

## V. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals

for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that petitioner's motion to appoint counsel (Pet. at 46) is **DENIED** without prejudice as moot given the Court's lack of jurisdiction; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Local Rules if Practice.

**IT IS SO ORDERED.**

February 12, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge